UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT S. SCHMIDT,

                         Plaintiff,

v.                                            Case No. 10-CV-381-JPS

DAVID A. CLARKE, JR., et al.

                        Defendants.                   ORDER

        The *pro se* plaintiff, who is confined at the Oshkosh Correctional Institution, is proceeding *in forma pauperis* on a claim under 42 U.S.C. § 1983, that the defendants deprived him of his prescribed blood thinner and blood tests while he was in the custody of the Milwaukee County Sheriff, resulting in a large and painful blood clot in his left leg. On March 8, 2012, the plaintiff filed a motion asking the court to hold the defendants in contempt for failing to meet with him by a March 7, 2012 deadline to review records and conduct a deposition. The plaintiff also requests additional time to amend his complaint, due to the defendants' latest delays in resolving discovery issues, and asks the court to appoint counsel for him.

        Regrettably, this case has a history of delays due to the Milwaukee County Corporation Counsel's failure to provide proper discovery in a timely fashion, including past failures to respond to motions to compel discovery filed by the plaintiff on June 22, 2011, July 28, 2011, and September 6, 2011. Former counsel for the defendants indicated at a show cause hearing on December 21, 2011, that he or others from his office would meet personally with the plaintiff to address discovery issues. That attorney then

retired before fully addressing, much less resolving, the outstanding discovery issues.

Current defense counsel appeared at a second hearing on January 20, 2012, and agreed to meet personally with the plaintiff and depose him. By written order of February 6, 2012, the court required that discovery related to the identification of the proper defendants be completed no later than March 7, 2012, so that a properly amended complaint could be filed by April 5, 2012. Defense counsel sent a letter to the plaintiff on February 2, 2012, and asked the plaintiff to identify specific questions and provide documents. After receiving the plaintiff's response on February 16, 2012, defense counsel determined that March 16, 2012, was the soonest possible date to meet with the plaintiff at Oshkosh Correctional Institution.[1] In a brief filed April 10, 2012, defense counsel confirms that she personally met with plaintiff, resolved all outstanding discovery issues related to the identification of the proper defendants, and deposed the plaintiff on March 16, 2012.

The court is cognizant of the many demands upon defense counsel, and that she inherited this case and its outstanding discovery issues from prior counsel. Nonetheless, March 16, 2012, is after the March 7, 2012, deadline that was established by court order, and defense counsel did not request an extension of time to conclude the discovery that was agreed upon

---

[1] In a brief filed March 13, 2012, defense counsel stated that the delay was due to the need to "coordinate a date in which Oshkosh Correctional had a room available all day and that Attorney Dehring's calendar allowed." (Docket #69, at 2). The plaintiff countered on April 9, 2012, with a copy of correspondence from Oshkosh Correctional confirming that the prison has several rooms available for attorney visits, one of which should have been available during an earlier time period. Defense counsel's next brief, filed April 10, 2012, does not mention the issue of coordinating a room's availability, and attributes the delay solely to defense counsel's heavy court calendar and previously planned vacation.

at the January 20, 2012 court hearing. This is the only delay that current counsel has created in this case, and under the extenuating circumstances identified by counsel, a nine-day delay is not egregious. Nor is it necessary to hold the defendants in contempt, as the violation has since been corrected. However, in view of the full history of prior discovery delays in this case,[2] the plaintiff may be entitled to recover his expenses in filing motions to compel from the defendants. If the plaintiff wishes to seek reimbursement under Federal Rule Civil Procedure 37(a)(5), he should file a motion for reimbursement that documents his expenses in bringing those motions to compel discovery. Additionally, Ms. Kimberly Walker, Milwaukee County Corporation Counsel, together with her staff are urged to revisit any office procedures in place to ensure that reasonable discovery demands are addressed promptly and that court orders are timely followed in all cases. Suffice it to simply state that any further failures to properly comply with court orders will of necessity result in the imposition of significant sanctions, including suspension of the privilege to practice before this court.

As for the matter of plaintiff's request for the appointment of counsel, the court will not recruit counsel for the plaintiff at this time. Although the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). The plaintiff

---

[2] The plaintiff was initially ordered to identify the Doe defendants by March 28, 2011. (Court's Scheduling Order of January 24, 2011, Docket #14). That deadline has been extended multiple times due to the defendants' repeated failure to provide discovery that was reasonably and properly requested by the plaintiff. (See Court Orders of April 4, 2011, June 8, 2011, August 2, 2011, and February 6, 2012).

has documented unsuccessful efforts to retain counsel on his own, but he has advocated vigorously and clearly on his own behalf and appears competent to litigate his own case at this point in the proceedings. Accordingly, the court will not recruit counsel for the plaintiff at this time. However, the court may revisit this decision as the case proceeds if it appears that counsel is required. *See Santiago v. Wells*, 599 F.3d 749, 762-65 (7th Cir. 2010) (holding that district court should have recruited counsel for plaintiff who transferred to another correctional facility and encountered difficulties in conducting necessary pretrial discovery with uncooperative prison officials and defendants).

Accordingly,

IT IS ORDERED that the plaintiff's motions to hold the defendants in contempt of court and to appoint counsel (Docket #67) be and the same are hereby DENIED without prejudice. The plaintiff may file a motion under Federal Rule Civil Procedure 37(a)(5), for reimbursement that documents his expenses in bringing his motions to compel discovery.

IT IS FURTHER ORDERED that the plaintiff's motion to extend time to file an amended complaint due to the defendants' failure to resolve discovery issues in a timely manner (Docket #67) be and the same is hereby GRANTED. No further motions for extension of time will be granted.

IT IS FURTHER ORDERED that the plaintiff shall file a properly amended complaint, no later than May 4, 2012, that includes only those defendants who acted with deliberate indifference to the plaintiff's medical needs, and that describes how each of these defendants violated the plaintiff's rights. Such complaint shall be labeled "Second Amended Complaint" and shall be complete in itself, without reference to any prior

complaint. Once this amended complaint is received, it will be screened by the court.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2012.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge